UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

TIMOTHY CAPALBO,
PLAINTIFF

V.

DAVOL INC. AND
C.R. BARD, INC.,
DEFENDANTS

**COMPLAINT**
**JURY TRIAL DEMANDED**

**PARTIES, VENUE, AND JURISDICTION**

1.   Plaintiff, Timothy Capalbo, resides in Worcester, County of Worcester, Massachusetts.

2.   Defendant, Davol Inc., is a Delaware Corporation, with a principal place of business located at 100 Crossings Boulevard, Warwick, County of Kent, Rhode Island.

3.   Defendant, C.R. Bard, Inc., is a New Jersey Corporation, with a principal place of business located at 730 Central Avenue, Murray Hill, County of Union, New Jersey.

4.   Venue is proper pursuant to 28 U.S.C. §101 and §1391 because a substantial part of the events or omissions giving rise to this claim occurred within the District of Massachusetts and the injuries at issue in this lawsuit occurred in the District of Massachusetts.

5.   The defendants conducted business in Massachusetts, including, but not limited to, the marketing, packaging, labeling, and sales of the product at issue in this lawsuit, 3DMax™ Mesh.

6.   The amount in controversy exceeds, exclusive with interest and costs, the sum of $75,000.00.  Jurisdiction is appropriate based upon the complete diversity of the parties.

**FACTUAL BACKGROUND**

7.      The plaintiff underwent the surgical implantation of 3DMax™ Mesh (hereinafter the "Product") under Demetrius E. Litwin, M.D. at Umass Memorial Medical Center in Worcester, Massachusetts on December 28, 2015.

8.      The Product was implanted in the plaintiff to treat bilateral direct inguinal hernias, a use for which Product was designed, marketed, and sold.

9.      As a result of such Product's implantation, the plaintiff has experienced significant mental and physical pain and suffering, has sustained permanent injury, and underwent surgery on October 9, 2018 at the Massachusetts General Hospital under David L. Berger, M.D. to remove the Product and repair other injuries caused by the Product, a result of which the plaintiff has suffered financial hardship or economic loss, including, but not limited to, obligations for medical services and expenses.

10.     The defendants designed, manufactured, marketed, packaged, labeled, and sold the Product so implanted in the plaintiff.

**COUNT I:     NEGLIGENCE AGAINST DAVOL INC.**

11.     The plaintiff hereby restates and incorporates by reference the allegations set forth in the Factual Background in paragraphs 7 through 10.

12.     The defendant so negligently manufactured, prepared, tested, inspected, promoted, distributed and sold the aforesaid product so as to cause the plaintiff to suffer severe personal injuries, some or all of which injuries may be permanent in nature.

13.     As a result of the aforesaid negligence on the part of the defendant, the plaintiff was caused to suffer great physical pain and mental anguish and will continue to do so for an indefinite time in the future.

14.     As a further result of the aforesaid negligence on the part of the defendant, the plaintiff has incurred costs for medical care and attention and will continue to do  so   for an indefinite time in the future.

15.     As a further result of the aforesaid negligence on the part of the defendant, the plaintiff has suffered a depreciation in earning capacity and will continue to do so in    the future.

**COUNT II:   BREACH OF EXPRESS WARRANTY AGAINST DAVOL INC.**

16.     The plaintiff hereby restates and incorporates by reference the allegations set forth in the Factual Background in paragraphs 7 through 10.

17.     Defendant made assurances to the general public, hospitals, and health care professionals that the Product was safe and reasonably fit for its intended purpose.

18.     Plaintiff and/or his health care provider chose the Product based upon defendant's warranties and representations regarding the safety and fitness of the Product.

19.     Plaintiff, individually and/or by and through his physician, reasonably relied upon defendant's express warranties and guarantees that the Product was safe, merchantable, and reasonably fit for its intended purpose.

20.     Defendant breached these express warranties because the Product implanted in the plaintiff was unreasonably dangerous and defective and not as the defendant had represented.

21.     Defendant's breach of its express warranties resulted in the implantation of an unreasonably dangerous and defective Product in the plaintiff's body, placing the plaintiff's heath and safety in jeopardy.

22.     As a direct and proximate result of the defendant's breach of the aforementioned express warranties, the plaintiff was caused and/or in the future will be caused to suffer severe personal injuries, pain and suffering, severe emotional distress, and financial or economic loss, including, but not limited to, obligations for medical services and expenses, and other damages.

## COUNT III:   BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
AGAINST DAVOL INC.

23.     The plaintiff hereby restates and incorporates by reference the allegations set forth in the Factual Background in paragraphs 7 through 10.

24.     The defendant at all times material hereto was engaged in the business of manufacturing, preparing, testing, inspecting, promoting, distributing, and selling the Product and impliedly warranted that said Product was safe, merchantable, and fit for its intended use and purposes.

25.     In breach of the aforesaid implied warranty of merchantability, the aforesaid product was in fact unsafe, defective, and unfit for its intended uses and purposes as      a result of which the plaintiff was caused to suffer severe personal injuries,  some or all of which may be permanent in nature.

26.     As a result of the aforesaid breach of the implied warranty of merchantability by   the defendant, the plaintiff was caused to suffer physical pain and mental anguish and will continue to suffer same for an indefinite time in the future.

27.    As a further result of the aforesaid breach of the implied warranty of merchantability by the defendant, the plaintiff has incurred costs for medical care and attention and will continue to do so for an indefinite time in the future.

28.    As a further result of the aforesaid breach of the implied warranty of merchantability on the part of the defendant, the plaintiff has suffered a depreciation in earning capacity and will continue to do so in the future.

**COUNT IV:   BREACH OF THE WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE AGAINST DAVOL INC.**

29.    The plaintiff hereby restates and incorporates by reference the allegations set forth in the Factual Background in paragraphs 7 through 10.

30.    The defendant, at all times material hereto, was engaged in the business of manufacturing, preparing, testing, inspecting, promoting, distributing, and selling the aforesaid product and impliedly warranted that said product was safe, merchantable and fit for the purpose of safely resolving stress urinary  incontinence.

31.    In breach of the aforesaid implied warranty, the aforesaid product was not in fact suitable for the particular purpose for which it was sold and as a result of which the plaintiff was caused to suffer severe personal injuries, some or all of which may be permanent in nature.

32.    As a result of the aforesaid breach of warranty by defendant, the plaintiff was caused to suffer physical pain and mental anguish and will continue to suffer same for an indefinite time in the future.

33.    As a further result of the aforesaid breach of warranty on the part of the defendant, the plaintiff has incurred costs for medical care and attention and will continue to do so for an indefinite time in the future.

34.    As a further result of the aforesaid breach of warranty on the part of the defendant, the plaintiff has suffered a depreciation in earning capacity and will continue to do so in the future.

**COUNT V:   NEGLIGENCE AGAINST C.R. BARD, INC.**

35.    The plaintiff hereby restates and incorporates by reference the allegations set forth in the Factual Background in paragraphs 7 through 10.

36.    The defendant so negligently manufactured, prepared, tested, inspected, promoted, distributed and sold the aforesaid product so as to cause the plaintiff to suffer severe personal injuries, some or all of which injuries may be permanent in nature.

37.   As a result of the aforesaid negligence on the part of the defendant, the plaintiff was caused to suffer great physical pain and mental anguish and will continue to do so for an indefinite time in the future.

38.   As a further result of the aforesaid negligence on the part of the defendant, the plaintiff has incurred costs for medical care and attention and will continue to do so for an indefinite time in the future.

39.   As a further result of the aforesaid negligence on the part of the defendant, the plaintiff has suffered a depreciation in earning capacity and will continue to do so in    the future.

## COUNT VI:   BREACH OF EXPRESS WARRANTY AGAINST C.R. BARD, INC.

40.   The plaintiff hereby restates and incorporates by reference the allegations set forth in the Factual Background in paragraphs 7 through 10.

41.   Defendant made assurances to the general public, hospitals, and health care professionals that the Product was safe and reasonably fit for its intended purpose.

42.   Plaintiff and/or his health care provider chose the Product based upon defendant's warranties and representations regarding the safety and fitness of the Product.

43.   Plaintiff, individually and/or by and through his physician, reasonably relied upon defendant's express warranties and guarantees that the Product was safe, merchantable, and reasonably fit for its intended purpose.

44.   Defendant breached these express warranties because the Product implanted in the plaintiff was unreasonably dangerous and defective and not as the defendant had represented.

45.   Defendant's breach of its express warranties resulted in the implantation of an unreasonably dangerous and defective Product in the plaintiff's body, placing the plaintiff's heath and safety in jeopardy.

46.   As a direct and proximate result of the defendant's breach of the aforementioned express warranties, the plaintiff was caused and/or in the future will be caused to suffer severe personal injuries, pain and suffering, severe emotional distress, and financial or economic loss, including, but not limited to, obligations for medical services and expenses, and other damages.

**COUNT VII: BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
AGAINST C.R. BARD, INC.**

47.     The plaintiff hereby restates and incorporates by reference the allegations set forth in the Factual Background in paragraphs 7 through 10.

48.     The defendant at all times material hereto was engaged in the business of manufacturing, preparing, testing, inspecting, promoting, distributing, and selling the Product and impliedly warranted that said Product was safe, merchantable, and fit for its intended use and purposes.

49.     In breach of the aforesaid implied warranty of merchantability, the aforesaid product was in fact unsafe, defective, and unfit for its intended uses and purposes as a result of which the plaintiff was caused to suffer severe personal injuries, some or all of which may be permanent in nature.

50.     As a result of the aforesaid breach of the implied warranty of merchantability by the defendant, the plaintiff was caused to suffer physical pain and mental anguish and will continue to suffer same for an indefinite time in the future.

51.     As a further result of the aforesaid breach of the implied warranty of merchantability by the defendant, the plaintiff has incurred costs for medical care and attention and will continue to do so for an indefinite time in the future.

52.     As a further result of the aforesaid breach of the implied warranty of merchantability on the part of the defendant, the plaintiff has suffered a depreciation in earning capacity and will continue to do so in the future.

**COUNT VIII:        BREACH OF THE WARRANTY OF FITNESS FOR A
PARTICULAR PURPOSE AGAINST C.R. BARD, INC.**

53.     The plaintiff hereby restates and incorporates by reference the allegations set forth in the Factual Background in paragraphs 7 through 10.

54.     The defendant, at all times material hereto, was engaged in the business of manufacturing, preparing, testing, inspecting, promoting, distributing, and selling the aforesaid product and impliedly warranted that said product was safe, merchantable and fit for the purpose of safely resolving stress urinary incontinence.

55.     In breach of the aforesaid implied warranty, the aforesaid product was not in fact suitable for the particular purpose for which it was sold and as a result of which the plaintiff was caused to suffer severe personal injuries, some or all of which may be permanent in nature.

56.   As a result of the aforesaid breach of warranty by defendant, the plaintiff was caused to suffer physical pain and mental anguish and will continue to suffer same for an indefinite time in the future.

57.   As a further result of the aforesaid breach of warranty on the part of the defendant, the plaintiff has incurred costs for medical care and attention and will continue to do so for an indefinite time in the future.

58.   As a further result of the aforesaid breach of warranty on the part of the defendant, the plaintiff has suffered a depreciation in earning capacity and will continue to do so in the future.

WHEREFORE, the plaintiff herein demands a trial by jury and judgment and damages of the defendants herein, plus interest and costs.

By his attorney,

/s/ Richard L. Tennyson
Richard L. Tennyson
*rlt@tennysonlaw.com*
BBO No. 687572
Chester L. Tennyson, Jr.
*clt@tennysonlaw.com*
BBO No. 494620
Tennyson Law Firm
425 Pleasant Street
Brockton, MA 02301
(508) 559-8678

Dated: December 11, 2018